IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEFFREY-STEVEN of the House of Jarrett, a.k.a. JEFFREY S. JARRETT,<br><br>Plaintiff,<br><br>vs.<br><br>LESLIE E. KOBAYASHI, *et al.*,<br><br>Defendants. | Case No. 22-mc-207-DKW-KJM<br><br>**ORDER DISMISSING "CRIMINAL COMPLAINT" WITH PREJUDICE** |

On April 19, 2022, *pro se* Plaintiff Jeffrey-Steven of the House of Jarrett filed a document entitled, "Criminal Complaint," purporting to initiate, on behalf of the "United States of America," a criminal action against a number of Defendants, including federal judges and federal court staff, for their involvement in a civil case he filed in 2021.[1]  Dkt. No. at 1 ("Complaint").  Plaintiff's nearly incomprehensible filing is dismissed with prejudice, as Plaintiff lacks standing to bring a criminal action.

---

[1] Defendants are "Leslie E. Kobayashi as Federal Judge, Rom E. Trader as Federal Magistrate Judge, Michelle Rynne as Clerk, Agalelei Elkington as Courtroom Manager, J. Michael Seabright as Chief Judge, Maui County Corporate Council [sic], Mayor Victorina [sic] and Maui County Council [sic] et al., State of Hawai'i Attorney General C. Conners [sic] et al, Lieutenant Governor Green, Governor Ige, Dept. of Health Char [sic] et al, Legislature, Lisa Itomaura, Daryl Akamichi, Iwalani Lehua Mountcastle Gasmen, Doratee Bandy, Graham Resell, Sharon OShaghnessy, Michele White, Tanya Quitazol, Blane Kobayashi as Circuit Judge, Jack Naiditch, and unknown co-conspirators."  Dkt. No. 1 at 1.

1

## **RELEVANT BACKGROUND**

Plaintiff's rambling and incoherent seven-page Complaint takes issue with the 2021 dismissal of a civil case he filed in United States District Court for the District of Hawai'i, in which Plaintiff challenged various COVID-19-related policies and restrictions imposed by the State of Hawai'i and Maui County.  *See* Civil Case No. 21-00272-LEK-RT.  The Complaint claims "that the Judiciary of the State of Hawai'i is a criminal enterprises [*sic*] using creation of bonds, laws, mandates, and rules for personal gain, political power and control as a branch of the British Aristocracy Registrar AKA British attorney Guild, and offshoot of the Templars.  They have used their unbridle [*sic*] power and will to make them the arbiters of truth and controllers of society world wide [*sic*].  File Cause of Action CV21-00272 unstricken is the evidence and proof there of [*sic*]."  Dkt. No. 1 at 4. The Complaint further alleges, without supporting detail or facts, that, "[w]ithin the Filing(s) of CV21 00272 and in DC-CV19-0323 the Defendants above and those of the File Cause of Action are exposed and revealed as conspirators in crimes against humanity, violators of the Law of Armed Conflict, Laws of Occupation, war crimes plus civil and criminal [*sic*]."  *Id.* at 7.

The Complaint asserts eight criminal counts against Defendants, each supported by a single paragraph written in the same incoherent fashion, invoking myriad criminal statutes including 18 U.S.C. §§ 4, 241, 242, 402, 1341, 1342, 1956

and 1957. *Id.* at 4–7. It also requests "[a] grand Jury" to "further investigate and dig into the connections [Defendants] have and those they are linked to, locally, nationally and internationally with appropriate punishment." *Id.* at 7.

## DISCUSSION

An Article III court must dismiss an action if, at any point, it becomes clear that it lacks jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–04 (1998). Federal court jurisdiction is limited to justiciable "Cases" or "Controversies," and standing is the "irreducible constitutional minimum" necessary to pursue a justiciable case or controversy. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); U.S. Const. art. III, § 2, cl. 1. Standing to initiate a criminal investigation or prosecution lies within the exclusive province and discretion of the Department of Justice—not the judiciary and not the private citizenry. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Cort v. Ash*, 422 U.S. 66, 79–80 (1975) (holding no private right of action exists under criminal statutes unless there is a clear statutory basis).

None of the statutory provisions invoked by Plaintiff supports a private right of action. *See* Dkt. No. 1 at 4–7. Therefore, Plaintiff is not entitled to invoke the federal judicial process to pursue his stated criminal causes of action (Counts I–VIII). *See Steel Co.*, 523 U.S. at 102–04; *Linda R.S.*, 410 U.S. at 619.

## **CONCLUSION**

Consistent with the foregoing, the Court DISMISSES Plaintiff's "Criminal Complaint" with prejudice.

IT IS SO ORDERED.

DATED: April 22, 2022 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

Jeffrey Steven vs. Leslie E. Kobayashi, et al; Misc No. 22-00207 DKW-KJM;
**ORDER DISMISSING "CRIMINAL COMPLAINT" WITH PREJUDICE**